UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:99-CR-11 WCL |
| ) | |
| SHAWN M. SNYDER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Shawn Snyder's ("Snyder's") "Motion for Leave to File Dilatory Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255" filed on December 26, 2007.[1]  The Government responded on January 10, 2008 to which Snyder replied on February 1, 2008.  For the following reasons, the Motion is DENIED.

## Background

On March 17, 1999, Snyder was indicted on three counts of trafficking controlled substances. On May 6, 1999, Snyder, pled guilty, pursuant to a written plea agreement  to Count 1 of the Indictment. On September 16, 1999, Snyder received a sentence of 188 months imprisonment. That Judgment was later amended on April 24, 2004 to permit Snyder's federal sentence to run concurrent to two state court sentences.  Snyder did not file a direct appeal.

Snyder has now filed a belated motion for relief under 28 U.S.C. §2255 claiming that

---

[1] Snyder initially sent his motion to the Seventh Circuit Court of Appeals which docketed the motion on December 14, 2007.  In an Order dated December 26, 2007, the Court of Appeals directed the filing to be docketed in the district court. For all practical purposes, the difference between the docketing dates in the two courts has no effect on the outcome of this motion as both dates are well outside the one-year limitations period.

1

application of Amendment 709[2] to the United States Sentencing Guidelines §4A1.2, effective November 1, 2007 should result in a reduction of his criminal history points. In response, the Government points out that Snyder's petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); that Snyder "may have"[3] waived his right to file a petition pursuant to 28 U.S.C. §2255 in his plea agreement; and that even if Amendment 709 was applied to Snyder's case, no change would occur to his criminal history calculation.

## DISCUSSION

Pursuant to the(AEDPA), a one year statute of limitations applies to the filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[4] As Snyder acknowledges, without an extension of time to file by this Court, his § 2255 motion is clearly time-barred. The operative date in this case is September 26, 1999, which is the last day that Snyder could have filed a timely notice of appeal. On that date Snyder's judgment of conviction became final because he

---

[2] Although Petitioner cites to "Amendment 12", the Court assumes that he meant to refer to Amendment 709, which alters the way that certain prior convictions may be counted in calculating a defendant's Criminal History Category. The effective date of Amendment 709 was November 1, 2007.

[3] The Government states that his plea agreement may have contained a waiver provision but it is not certain since it has not recovered its file from the archives.

[4] The limitations period begins to run from the *latest* of:
(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

failed to file an appeal. Fed. R.App. P. 4(b). The present motion was filed more than seven years after Snyder's original sentence, and well after the one-year period of limitation established by §2255 had expired.

The one-year time limit is not jurisdictional, however, and can be extended in narrow instances such as "unique circumstances" or those giving rise to equitable tolling. *See Poe v. United States,* 468 F.3d 473, 477-78 (7th Cir.2006); *Nolan v. United States,* 358 F.3d 480, 484 (7th Cir.2004).[5] In this case, Snyder states that "this Circuit requires 'clarifying amendments' to proceed via §2255, not Title 18 U.S.C. §3582(c)(2)" and asserts that because Amendment 709 was not previously available to him, the one-year limitations period should be tolled to permit him to file his section 2255 petition.

Equitable tolling "is granted sparingly" and is "reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing.' " *Nolan,* 358 F.3d at 484 (citing *Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir.2003)) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000)). The Seventh Circuit observed in *Nolan* that "[e]quitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.' " *Id.* (quoting *Modrowski,* 322 F.3d at 967). Indeed, even as of March 2007, the Seventh Circuit indicated that it has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling. *Johnson v. Chandler*, 224 Fed.Appx. 515, 519, 2007 WL 836598, **4 (7th Cir. 2007).

The only ground advanced by Snyder to justify his belated filing is that Amendment 709,

---

[5]The Government brief does not address at all the possibility that equitable tolling could apply under these circumstances.

3

which alters U.S.S.G. §4A1.2, did not become effective until November 1, 2007 and so he could not have asserted this right until after that date. However, he cites no authority, and this court has found none to support the proposition that changes or amendments to existing sentencing guidelines constitutes an extraordinary circumstance thereby justifying equitable tolling of the AEDPA statute of limitations. Indeed, several courts have concluded that even a substantive change in the law, such as was the case with the Supreme Court decisions in *Booker v. United States* and *Blakely v. Washington,* 542 U.S. 296 (2004) do not justify equitable tolling. See *Eisenmann v. Bartos,* 2007 WL 951960, *8 (D.Ariz. March 27, 2007) ("The Court is unaware of any federal court opinion concluding a change in the law entitles a petitioner to equitable tolling of the relevant statute of limitations and, therefore, Petitioner is not entitled to equitable tolling based on the decision in *Blakely*."); *Smith v. United States,* 2005 WL 2657386, at *4 (E.D.Va. Oct.18, 2005) ("[T]he petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling."); *see also Valladares-Helguera v. United States,* 2005 WL 2544306, at *2 (W.D.N.C. Oct.10, 2005) ("Petitioner fails to establish that his attorney's failure to advise him about recent Supreme Court decisions is a situation which qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time.").

Even assuming however, that a subsequently enacted amendment to the guidelines would justify tolling so as to permit Snyder to proceed on his petition, he would have additional obstacles to overcome, namely whether his claim that his sentence is contrary to a subsequently enacted clarifying amendment is even cognizable under a timely §2255 petition. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Sunal v. Large,* 332 U.S. 174, 178 (1947). Thus, nonconstitutional claims can be raised on collateral review only when the alleged error

4

constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Reed v. Farley,* 512 U.S. 339, 348 (1994) (quoting *Hill v. United States,* 368 U.S. 424 (1962)). Several circuits have held that "a claim that the sentence imposed is contrary to a subsequently enacted clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998); *United States. v. Mikalajunas*, 186 F.3d 490, 495 -496 (4th Cir.,1999) ("We join our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice."); *United States v.Payne,* 99 F.3d 1273, 1281-82 (5th Cir.1996) (concluding that an improper application of the guidelines by the district court is a non-constitutional issue that could have been raised on direct appeal and is not cognizable on collateral review);; *Scott v. United States,* 997 F.2d 340, 342-43 (7th Cir.1993)(stating that petitioner could not raise, by means of § 2255, an allegation that the district court misapplied the sentencing guidelines when the sentence had become final, petitioner had not appealed, and the petitioner failed to demonstrate any extraordinary circumstances warranting collateral attack on his sentence); *Cook v. United States*, 2006 WL 3333068, *9 (S.D.N.Y., November 15, 2006) ("Short of constitutional or jurisdictional error, a defendant seeking to apply a post-sentencing clarifying amendment on collateral review must show cause for his default and resulting prejudice or otherwise demonstrate that the court's failure to consider his argument will result in a miscarriage of justice.").

In this case, Snyder did not pursue a direct appeal so he is deemed to have procedurally defaulted his claim that the undersigned improperly applied §4A1.2 of the guidelines.

The above discussion, however, presupposes that Amendment 709 is, as Snyder represents,

a clarifying amendment rather than a substantive amendment. The distinction is critical because substantive amendments to the guidelines may be challenged pursuant to 18 U.S.C. §3582(c)(2) which authorizes the court to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In contrast, clarifying amendments, i.e., an amendment that "changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant," *United States v. Capers,* 61 F.3d 1100, 1109 (4th Cir.1995), may be redressable in a proceeding pursuant to 28 U.S.C §2255 where the question is whether the court properly applied a guideline provision.

Here, Amendment 709 effects a substantive change in section 4A1.2 of the guidelines and is not a clarifying amendment at all. Indeed, this amendment alters the way that certain prior convictions may be counted in calculating a defendant's Criminal History Category – it did not merely clarify the interpretation or application of the existing guidelines. Accordingly, the court concludes that Amendment 709 is a substantive guidelines amendment and thus, there is no basis for Snyder to prevail even if we deemed his section 2255 petition timely.

Lastly, even if this court deemed Snyder's petition to be a request for sentence modification pursuant to 18 U.S.C. §3582(c)(2), this contention too, would fail. A reduction of an existing sentence is consistent with Sentencing Commission policy only for guidelines amendments that are listed in USSG § 1B1.10. Amendment 709 is not listed in section 1B 1.10(c) and therefore cannot not be applied retroactively for a sentence reduction for Snyder, who was sentenced well before the

amendment. *See United States v. McHan,* 386 F.3d 620 (4th Cir.2004) (citing *United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir.2003) ("We agree with several of our sister circuits that have established the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely where expressly listed under § 1B1. 10(c).*") (emphasis added). Therefore, a reduction of Snyder's sentence based on Amendment 709 is not consistent with Sentencing Commission policy and is not authorized. *United States v. Beasley,* 2007 WL 4390380, *1 (S.D.Ill. December 14, 2007)("Amendment 709 does not apply retroactively pursuant to section § 3582 because it is not included in section 1B1.10(c)'s list of retroactively applicable amendments."); *Ellis v. United States*, 2008 WL 162155, *1 (N.D.Ohio January 16, 2008) ("[T]here is *no* retroactive application of Amendment 709, pertaining to criminal history calculations. Quite simply, Amendment 709 was not included among those sections which have been granted retroactive application.").

## **CONCLUSION**

Based on the foregoing, Snyder's Motion to File a Dilatory Petition pursuant to 28 U.S.C. §2255 is DENIED.

Entered: This 11th day of February 2008.

s/ William C. Lee
United States District Court

7